**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| M.B. JACKSON,<br>(TDCJ-CID #430408)<br><br>Petitioner,<br><br>vs.<br><br>WILLIAM STEPHENS,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION H-13-1641 |

**MEMORANDUM AND OPINION**

The petitioner, M.B. Jackson, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 1986 state conviction for sexual assault. Because Jackson filed this suit too late, it is dismissed.

## I. Background

In the 278th Judicial District Court of Walker County, Texas, a jury found Jackson guilty of the felony offense of sexual assault. (Cause Number 14,077-C). On August 7, 1986, the jury sentenced Jackson to a prison term of sixty years. The Fourteenth Court of Appeals affirmed Jackson's conviction on August 6, 1987. Jackson did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Jackson indicates that he filed an application for state habeas corpus relief on March 19, 2013, and the Texas Court of Criminal Appeals dismissed it on May 22, 2013. (Docket Entry No. 1, Federal Petition, p. 4). *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us.

## II. The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus

petitions filed after April 24, 1996. Because this petition was filed after April 24, 1996, the one-year limitations period applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court held that district courts are permitted to consider the timeliness of a state prisoner's habeas petition. The Court explained that it would make little sense to distinguish AEDPA's time bar from other threshold constraints on federal habeas petitioners, such as exhaustion and procedural default. The Supreme Court cautioned that before acting on its own, a court must give the parties fair notice and an opportunity to present their positions.

In an order entered on June 12, 2013, this court directed Jackson to file a written statement by July 17, 2013, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 4). Jackson has complied. (Docket Entry No. 5).

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under this statute, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Jackson's conviction became final when the time expired for filing a petition for discretionary review in the Texas Court of Criminal Appeals.

The First Court of Appeals affirmed Jackson's conviction on August 6, 1987, giving Jackson thirty days, or until September 8, 1987,[1] to file a petition for discretionary review. TEX. R. APP. P.

---

[1]Federal Rules of Civil Procedure provides in relevant part:

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday,

68.2(a). Jackson did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on September 8, 1988.

The United States Court of Appeals for the Fifth Circuit held in *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998), and *United States v. Flores,* 135 F.3d 1000 (5th Cir. 1998), that 28 U.S.C. § 2254 federal habeas applicants and 28 U.S.C. § 2255 movants whose claims would have been otherwise time-barred immediately as of the enactment of the one-year limitations period in the AEDPA, instead have one year following AEDPA's effective date to file their applications.

Jackson is challenging a conviction entered on August 7, 1986. Because Jackson's conviction became final prior to the AEDPA's April 24, 1996, effective date, he was entitled to a one-year grace period from that date (in the absence of statutory or equitable tolling) to file a federal habeas petition. *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003) (citing *Flanagan v. Johnson,* 154 F.3d 196, 200-02 (5th Cir. 1998)). The grace period expired on April 24, 1997. Jackson did not file this federal petition until June 3, 2013.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). In *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998), the Fifth Circuit clarified the *Flores* rule and held that the section 2244(d)(2) tolling provision applies to the one-year reasonableness period. The one-year grace period began on April 24, 1996. Jackson states that he filed his state application on March 19, 2013, and the Texas Court of Criminal Appeals denied it on

---

> Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. CIV. P. 6(a)(1).

Because September 5, 1987 was a Saturday, Jackson's conviction became final on Tuesday, September 8, 1987.

May 22, 2013. This state application did not toll the grace period because Jackson filed it well after the grace period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Jackson waited until June 3, 2013, before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception applies.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips,* 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,*

at 715 n.14. Jackson has not carried his burden to show that equitable tolling is warranted, and such tolling does not save the instant petition.

Jackson asserts that his actual innocence precludes the dismissal of this § 2254 petition. (Docket Entry No. 5, Petitioner's Response, p. 2). The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Insofar as Jackson requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002). In addition, Jackson has not shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court recently considered whether a plea of actual innocence can overcome the habeas statute of limitations. The district court first determined that Perkins's claim was filed well beyond AEDPA's limitations period and that equitable tolling was unavailable to Perkins because he could demonstrate neither exceptional circumstances nor diligence. The district court then found that Perkins's alleged newly discovered evidence, *i.e.*, the information contained in three affidavits, was "substantially available to [Perkins] at trial." The district court further found the proffered evidence, even if "new," was hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted Perkins. The Sixth Circuit granted a certificate of appealability limited to the question whether reasonable diligence was a precondition to reliance on actual innocence as a gateway to adjudication of a federal habeas petition on the merits. The Sixth Circuit reversed the district court's judgment. Acknowledging that Perkins's petition was untimely and that he had not diligently pursued his rights, the Sixth Circuit held that Perkins's actual-innocence claim allowed him to present his ineffective-assistance-of-counsel claim as if it had been filed on time. In so ruling, the Sixth Circuit apparently considered Perkins's delay irrelevant to appraisal of his actual-innocence claim.

The Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo,* 513 U.S. 298 (1995), and *House v. Bell,* 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations. The Supreme Court explained:

> We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence.
> On remand, the District Court's appraisal of Perkins' petition as insufficient to meet *Schlup* 's actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation. We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." 513 U.S., at 316, 115 S.Ct. 851.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

Jackson has not met his heavy burden of showing that he is actually innocent. Jackson has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial. The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Jackson does not identify any other grounds for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Jackson does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Jackson from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Jackson's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Jackson's claims relate to the trial on August 7, 1986. Jackson has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Jackson's federal petition is untimely.

## III. Conclusion

Jackson's challenges to his 1986 conviction are DISMISSED as time-barred. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Jackson has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED at Houston, Texas, on July 19, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE